**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONY APPLEBY,

Plaintiff-Appellant,

v.

JOHNSON & JOHNSON, official capacity;
JOHNSON AND JOHNSON
PHARMACEUTICAL, official capacity,

Defendants-Appellees.

No. 22-55800

D.C. No. 2:21-cv-07109-CJC-ADS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted September 12, 2023**

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

California state prisoner Tony Appleby appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Appleby's action because Appleby failed to allege facts in his amended complaint sufficient to show that defendants were acting under color of state law when they allegedly violated Appleby's constitutional rights.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations are insufficient to establish a party was a state actor for purposes of § 1983).

**AFFIRMED.**